**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**R.R. FREDEKING, II and
DEBBIE FREDEKING,**

      **Plaintiffs,**

**v.**                                       **Civil Action No.**  3:16-cv-12415

**JPMORGAN CHASE BANK, N.A.,**

      **Defendant.**

## NOTICE OF REMOVAL

Defendant Chase Bank USA, N.A. ("Chase"), incorrectly identified as JPMorgan Chase Bank, N.A. [1], by counsel, hereby removes this action from the Circuit Court of Cabell County, West Virginia, to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.  In support of this Notice of Removal, Chase states as follows:

### I.    BACKGROUND

1.    On or about November 9, 2016, plaintiffs R.R. Fredeking, II and Debbie Fredeking ("Plaintiffs") commenced this civil action by filing a complaint in the Circuit Court of Cabell County, West Virginia, captioned *R.R. Fredeking, II and Debbie Fredeking v. JPMorgan Chase Bank, N.A.*, Civil Action No. 16-C-699 (the "Civil Action").

2.    Plaintiffs' Complaint alleges that they were improperly charged $60,931.00 on a credit card account issued by Chase.  (Compl. ¶¶ 10-25.)  Plaintiffs are asserting claims for (1) breach of contract, (2) declaratory judgment, and (3) violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 *et seq.* ("WVCCPA").

---

[1] Chase Bank USA, N.A. issues credit cards under the Chase name.  Plaintiffs' claims arise from their use of a Chase credit card.

3.      Plaintiffs are seeking actual damages; statutory damages of "$5010 per violation" of the WVCCPA; attorneys' fees and costs; and declaratory relief.  (*Id.* at *ad damnum* clauses after ¶¶ 31, 34, and 42.)  Plaintiffs allege that Chase committed "repeated . . . violations" of the statute and that they are entitled to such relief "for each violation of the act."  (*Id.* ¶ 42).

4.      Chase received the Complaint on November 21, 2016.

5.      Because the Notice of Removal is being filed within thirty (30) days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

6.      This Court is the District Court embracing Cabell County, where the Civil Action is currently pending.  L.R. Civ. P. 77.2.  Venue is therefore proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place in which the removed action has been pending.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet and all process, pleadings, and orders served in the state court action as of the date of this removal are attached hereto.  (Ex. A.)

8.      Pursuant to 28 U.S.C. § 1446(d), Chase is filing this Notice of Removal in the state court action and serving it on Plaintiffs.  (Ex. B.)

## II.   REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION

9.      This civil action is properly removable to this Court because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.

**A.     There is complete diversity among the parties.**

10.     Removal under 28 U.S.C. § 1332(a) is permissible if the action is between citizens of different states.

11.     Plaintiffs claim they are residents of West Virginia.  (*See* Compl. ¶ 1.)

12.     Chase is a national association organized and existing under the National Bank Act, with its main office in Wilmington, Delaware.

13.     Therefore, there is diversity of citizenship.

**B.     The amount in controversy threshold has been satisfied.**

14.     Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interests and costs.

15.     "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary results to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002) (quotation omitted); *see also Griffin v. Red Run Lodge, Inc.,* 610 F.2d 1198, 1204-05 (4th Cir. 1979) (considering the cost to defendant of complying with an order for specific performance in determining that amount in controversy was satisfied)); *see also Rabel v. Huntington Nat'l Bank*, 2015 WL 3540660 (S.D.W. Va. June 4, 2015) (citing *Dixon, supra*); *Patton v. Fifth Third Bank*, 2006 WL 771924, *1 (S.D.W. Va. 2006 (stating the "amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal" and that in "calculating that amount, the court may consider the 'entire record before it and make an independent evaluation' of whether the amount in controversy is satisfied."); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S.D.W. Va. 2005) (stating that "the amount in controversy, if not specified in the complaint, must be determined on the likely monetary relief that may be granted to the plaintiffs if they succeed on all of their claims asserted in good faith.").

16.      "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object being litigated." *Moses Auto., Inc.*

*v. American Honda Motor Co., Inc.*, 581 F. Supp. 2d 763, 767 (S.D.W. Va. 2007) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434 (1977)). Thus, nonmonetary relief is considered when determining the amount in controversy for diversity jurisdiction. 28 U.S.C. § 1446(c)(2).

17.     To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000. *County of Wyoming, W. V. v. U.S. Bank Nat'l Assoc.*, 2013 WL 622144, *5 (S.D.W. Va. Feb. 19, 2013); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S.D.W. Va. 2005); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001).

18.     In this case, Plaintiffs are seeking a declaration that they are not obligated to pay the $60,931.00 charge on their credit card account.

19.     In addition, Plaintiffs are seeking $5,010 for each of multiple claimed violations of the WVCCPA.

20.     Although the Plaintiffs have not identified the number of specific violations of the WVCCPA they are alleging, the use of the plural indicates at least two violations. Therefore, conservatively, Plaintiffs are seeking $10,020 for violations of the WVCCPA.

21.     Thus, the Complaint appears to be seeking at least $70,951.00 in damages before taking into consideration any actual damages or an award of attorney fees. Plaintiffs would only need to recover $4,049.00 for all of their other relief sought in order to meet the $75,000.00 amount in controversy for diversity jurisdiction.

22.     Under the "American Rule," attorney's fees normally do not constitute a part of the amount of controversy because a successful party does not typically collect attorney's fees as part of the judgment. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). However,

4

attorney's fees are to be included in calculating the amount in controversy if they are specifically made available by contract or statute.  *See Patton*, 2006 WL 771924, at *3; *Dunlap v. Green Tree Servicing, LLC*, 2005 WL 3177881, at *5 (S.D.W. Va. Nov. 28, 2005).  Here, section 46A-5-104 of the WVCCPA makes attorney's fees available.  Accordingly, they must be considered in determining the amount in controversy.  *See Patton*, 2006 WL 771924 at *3; *Dunlap*, 2005 WL 3177881 at *5.

23.     Although it is impossible to say with precision what the attorney's fees in this case will be in the event Plaintiffs prevail on their statutory claim, the *Patton* and *Dunlap* court estimated $25,000 and $18,000, respectively, to be reasonable estimates of the potential amount of attorney's fees in cases brought under the WVCCPA.  *Patton*, 2006 WL 771924, *6; *Dunlap*, 2005 WL 3177881, *6.

24.     When considering the amount that may reasonably be awarded for attorneys' fees combined with the declaratory relief and statutory penalties sought, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

25.     Thus, this civil action is removable pursuant to 28 U.S.C. § 1332, and Chase removes this civil action to this Court.

**WHEREFORE**, for the foregoing reasons, and pursuant to 28 U.S.C. § 1446, defendant Chase Bank USA, N.A. respectfully requests that the above-referenced action, having been properly removed from the Circuit Court of Cabell County, West Virginia, be docketed and proceed in this Court.

**CHASE BANK USA, N.A.**

**By Spilman Thomas & Battle, PLLC**

*/s/ Angela L. Beblo*
Bruce M. Jacobs (WV State Bar No. 6333)
Angela L. Beblo (WV Bar No. 10345)
PO Box 273
Charleston, WV  25321-0273
304.340.3800 (*phone*); 304.340.3801 (*facsimile*)
bjacobs@spilmanlaw.com
abeblo@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**R.R. FREDEKING, II and**
**DEBBIE FREDEKING,**

        **Plaintiffs,**

**v.**                                                       **Civil Action No.**   3:16-cv-12415

**JPMORGAN CHASE BANK, N.A.,**

        **Defendant.**

**CERTIFICATE OF SERVICE**

     I, Angela L. Beblo, counsel for defendant, do hereby certify that on December 21, 2016, a copy of the foregoing **Notice of Removal** has been served upon counsel of record via electronic notification through the Court's CM/ECF system, as follows:

                        William L. Mundy, Esquire
                        Mundy & Associates
                        PO Box 2986
                        Huntington, WV 25728
                        ***Counsel for Plaintiffs***

                        */s/ Angela L. Beblo*
                        Angela L. Beblo (WV Bar No. 10345)