**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**R.R. FREDEKING, II and
DEBBIE FREDEKING,**

      **Plaintiffs,**

v.                                                           **Case No.: 3:16-cv-12415**

**JPMORGAN CHASE BANK, N.A.,**

      **Defendants.**

## ORDER

On Wednesday, May 10, 2017, the Court held a hearing on Plaintiffs' Motion for Order Compelling Discovery. (ECF No. 13). The parties met and conferred prior to the hearing in an effort to narrow the issues and were successful in resolving their differences over all but two interrogatories: Interrogatory No. 3 and Interrogatory No. 22.[1] After hearing the arguments of counsel, the Court **DENIES** the motion to compel for the reasons more fully stated at the hearing. In summary, the undersigned finds that Defendant adequately responded to Interrogatory Nos. 22 and 23. With respect to Interrogatory No. 3, the undersigned finds the request to be overly broad and disproportional to the needs of the case. Plaintiffs ask for claims and lawsuits asserting allegations similar to those made in this civil action. Plaintiffs argue that information regarding other similar situations is key to demonstrating unfair and deceptive practices by Defendant, as defined in the West Virginia Consumer Credit and Protection Act, W.

---

[1] At the hearing, Plaintiffs indicated that they also sought to compel a more complete answer to Interrogatory No. 23, which is very similar to Interrogatory No. 22.

Va. Code § 46A-1-101, *et seq.* However, Plaintiffs have not provided a foundation upon which the Court can conclude that Plaintiffs are required to establish a pattern or practice of business dealings in order to maintain a claim under the Act. Consequently, evidence regarding other unfair or deceptive acts may not be particularly relevant to this case. Moreover, Defendant asserts that it would be required to conduct a manual search of all claims and lawsuits to properly respond to the interrogatory, as the allegations in the complaint do not lend themselves to a viable computer-based search. Therefore, the burden to Defendant to assemble the information appears to far outweigh the benefits to be realized by Plaintiffs.

Nevertheless, the undersigned recognizes that discovery is in the early stages. Therefore, Plaintiffs are not precluded by this Order from serving Defendant with a more focused interrogatory seeking information about other claims and lawsuits should there be a reasonable basis for such a request.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** May 11, 2017

Cheryl A. Eifert
United States Magistrate Judge