# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**R.R. FREDEKING, II and**
**DEBBIE FREDEKING,**

      **Plaintiffs,**

v.                                                            Case No.: 3:16-cv-12415

**CHASE BANK USA, N.A.,**

      **Defendants.**

## MEMORANDUM OPINION and ORDER SEALING EXHIBITS

Pending before the Court is Defendant Chase Bank USA, N.A.'s[1] Motion to Seal, (ECF No. 71), requesting that documents designated as Exhibits A and B to Defendant's Response to Plaintiffs' Second Motion for Order Compelling Discovery, (ECF No. 70), and attached to the Motions to Seal be sealed and incorporated in the response. Defendant argues that the exhibits contain proprietary business information, which has been properly designated as such pursuant to a protective order.

Given that the exhibits are submitted in support of a discovery motion, and not in support of a dispositive motion, and given that objections to the confidential designation of these documents have not been addressed by the Court and the parties, the Court **GRANTS** the Motion and **ORDERS** Exhibit A and B be sealed and made a part of

---

[1] As stated in recent filings, (ECF Nos. 69, 70, 71, 72) defendant has notified the Court that defendant is incorrectly identified in this matter as JPMorgan Chase Bank, N.A. According to defendant, the correct identity is Chase Bank USA, N.A. Accordingly, it is further **ORDERED** that the Clerk correct the case docket to reflect Defendant's correct name: Chase Bank USA, N.A.

Defendant's Response. The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, Exhibits A and B attached to Defendant's Motion to Seal shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the proprietary nature of the information, and the format on which the information is contained, no such alternatives are feasible at this time. Moreover, the public's right to be informed regarding the particulars of a discovery motion is outweighed by the business interests of the corporate party to be protected in this circumstance. Accordingly, the Court finds that sealing the designated exhibits to Defendant's Motion to Seal does not unduly prejudice the public's right to access court documents.

The Clerk is instructed to provide a copy of this Order to all counsel of record and to any unrepresented party.

**ENTERED**: April 24, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge