# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

R.R. FREDEKING, II and
DEBBIE FREDEKING,

      Plaintiffs,

v.                                  **Case No.: 3:16-cv-12415**

JPMORGAN CHASE BANK, N.A.,

      Defendants.

### MEMORANDUM OPINION and ORDER

On Friday, May 11, 2018, the Court held a hearing on the Motion of Fredeking and Fredeking Law Offices to Quash Subpoena, (ECF No. 54); Plaintiffs' Motion to Quash Subpoena, (ECF No. 57); and Plaintiffs' Motion for Order Compelling Discovery, (ECF No. 59). After reviewing the materials and hearing the arguments of counsel, the Court **GRANTS** the three motions for the reasons more fully stated at the hearing. In summary, the Motions to Quash are granted, because Defendant has not established that the records sought from Fredeking and Fredeking are relevant to the issues in dispute. Defendant argues that the requested documents are relevant, because Plaintiffs seek damages under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101, *et seq.*; specifically, Plaintiffs allege violations under W. Va. Code § 46A-2-127 and W. Va. Code § 46A-2-128. Defendant contends that in order for Plaintiffs to succeed on their WVCCPA claims, they "must prove that the account at issue is used 'primarily for personal, household, or agricultural purpose.'" (ECF No. 69 at 4). Defendant asserts that the pertinent Chase revolving charge account was opened by Plaintiff, R.R. Fredeking, II,

who used the account to purchase both business and personal items and services. Therefore, Defendant contends that it is entitled to discover what percentage of the purchases made on the revolving charge account were for business purposes and what percentage were personal charges.

However, after reviewing the WVCCPA and the cases cited by Defendant, the undersigned finds no support for Defendant's position. Nothing in the cases or statutory provisions referenced by Defendant indicates that the revolving charge account must be used primarily for personal, family, or household purposes in order to prosecute a matter relating to a charge made on that account. Instead, in the undersigned's view, the WVCCPA is concerned with the purpose of the individual *transaction* at issue, not with the account as a whole.

Indeed, the introductory sections of the WVCCPA make clear that it applies, in relevant part, to a "consumer," who is induced to enter into a "revolving charge account." W. Va. Code § 46A-1-104. The statute does not state that the revolving charge account must be used primarily for personal, family, or household charges. In the definitions section that applies to the claims asserted by Plaintiffs, the term "consumer" is defined as "a natural person obligated or allegedly obligated to pay any debt." W. Va. Code § 46A-2-122(a). The definition of "consumer" makes no comment regarding the nature of purchases covered by the WVCCPA; it only concerns who qualifies as a consumer under the Act. Furthermore, § 46A-2-122(b) indicates that when used in W. Va. Code §§ 46A-2-127, 46A-2-128 (the sections under which Plaintiffs sue), the term "claim" means "any obligation or alleged obligation of a consumer to pay money arising out of **a transaction** in which the money, property, insurance, or service which is the subject of **the transaction** is primarily for personal, family or household purposes, whether or not

such obligation has been reduced to judgment." W. Va. Code § 46A-2-122(b) (emphasis added). Accordingly, the relevant definitions require only that Plaintiffs be natural persons allegedly obligated to pay a debt, and that the debt arise from a transaction that is primarily personal. Therefore, under the plain language of the statute, the relevant issue to be discovered is the nature of the disputed transaction. Consequently, Defendant is not entitled to all law firm documents related to Plaintiffs' revolving credit account.

With respect to the Motion to Compel, the parties largely resolved the issues with the exception of two Chase policies requested by Plaintiffs. Defendant argues that the policies are not applicable. However, as the policies involve the management by Chase employees of disputed credit card charges, and this case arises from a disputed credit card charge, the undersigned finds that the policies are discoverable and should be produced.

For the reasons stated, Defendant is **ORDERED** to produce the two policies requested by Plaintiffs on or before **May 25, 2018**. Plaintiffs request reasonable fees, costs, and sanctions related to pursuing their discovery motions. Therefore, Plaintiffs are **ORDERED** to provide support for that request on or before **May 25, 2018**, and Defendant shall have **two weeks** after receipt of Plaintiffs' filing to respond in opposition of the request.

The Clerk is **ORDERED** to provide a copy of this Order to counsel of record.

**ENTERED:** May 14, 2018

Cheryl A. Eifert
United States Magistrate Judge

3