# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

R.R. FREDEKING, II and
DEBBIE FREDEKING,

    Plaintiffs,

v.                                                  Case No.: 3:16-cv-12415

CHASE BANK USA, N.A.,

    Defendants.

## MEMORANDUM OPINION and ORDER

On May 14, 2018, the undersigned United States Magistrate Judge entered an Order granting Plaintiffs' pending discovery motions and ordering the parties to brief the matter of reasonable fees and costs, which had been requested by Plaintiffs. The parties have now submitted their materials; therefore, the issues are fully briefed. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Expenses as set forth below. (ECF No. 83). Defendant is hereby **ORDERED** to pay Plaintiffs the sum of **Eleven Thousand One Hundred Twenty Dollars and No cents ($11,120.00)** in reimbursement of reasonable attorneys' fees. This payment shall be made in full within **thirty (30) days** of the date of this Order.

At the outset, the Court notes that Plaintiffs are now requesting fees and costs incurred in taking two Rule 30(b)(6) depositions. These fees and costs were not sought by Plaintiffs in their underlying discovery motions. In their Second Motion to Compel, Plaintiffs demanded "reasonable expenses incurred in bringing this motion and to *re-*

*depose*, if necessary, the Rule 30(b)(6) representatives, including attorneys fees." (ECF No. 60 at 2) (emphasis added). In their Motion to Quash, Plaintiffs again asked for "costs and expenses" incurred in the filing of the Motion. (ECF No. 57, adopting ECF No. 54). In neither case did Plaintiffs request fees and costs *already* incurred in taking Rule 30(b)(6) depositions.

Under Rule 37(a)(5)(A), Plaintiffs are entitled to "reasonable expenses incurred in making" a successful discovery motion. While Rule 37(d) does allow sanctions in addition to the reasonable expenses permitted by Rule 37(a), Plaintiffs did not explicitly seek sanctions under Rule 37(d) at the time the motions were presented to the Court, nor did the Court consider sanctions under Rule 37(d). Given that the undersigned has made no findings with respect to Rule 37(d), Plaintiffs request for reimbursement of fees and costs related to taking Rule 30(b)(6) depositions is beyond the scope of their original motions and, therefore, is not properly before the Court. Consequently, all entries related to Rule 30(b)(6) depositions have been deducted from Plaintiffs' fee application.

Turning to the remainder of the application, the parties agree that when calculating an award of attorneys' fees in this circuit, the court must follow a three-step process. *McAfee v. Bozcar,* 738 F.3d 81, 88 (4th Cir 2013) ("The proper calculation of an attorney's fee award involves a three-step process.") First, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The burden of establishing a reasonable rate and demonstrating that a reasonable number of hours was expended rests with the party seeking attorneys' fees. *McGee v. Cole,* 115 F. Supp. 3d. 765, 771 (S.D.W. Va. 2015) (citing *Hensley v. Eckerhart,* 461 U.S.

424, 433 (1983)). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has enumerated twelve factors to consider when determining a lodestar figure, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)).

At the second step of the process, the court must subtract from the lodestar figure "fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom,* 549 F.3d at 321 (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002)). Once this calculation is completed, the court proceeds to the third step, which consists of the court increasing the step-two figure by "some percentage of the remaining amount, depending on the degree of success enjoyed by the [party seeking fees]." *Johnson,* 278 F.3d at 337. In this case, the Court need not formally proceed to the second and third steps, because the fees are being awarded secondary to a discovery motion, rather than as an award based upon a successful resolution of the case as a whole.

"When calculating reasonable fees, establishing the hourly rate is generally the critical inquiry." *Wolfe v. Green,* No. 2:08–cv–01023, 2010 WL 3809857 *4, (S.D.W. Va. Sept. 24, 2010) (quoting *Westmoreland Coal Co. v. Cox,* 602 F.3d 276, 289 (4th Cir. 2010)). An hourly rate is considered reasonable when it is "in line with those prevailing

in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 890 n. 11 (1984). "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 179 (4th Cir. 1994). The prevailing market rate for attorneys' fees in a given jurisdiction may be established "by evidence of what attorneys earn from paying clients for similar services in similar circumstances." *Depaoli v. Vacation Sales Assocs, LLC,* 489 F.3d 615, 622 (4th Cir. 2007). Consequently, affidavits outlining hourly rates typically charged and received by local attorneys in the case are useful in determining home market rates. *Id.* Likewise, affidavits from other local lawyers, who are not involved in the case, but are familiar with the skill level of the involved attorneys and with the type of work performed, are also evidence of the range of reasonable hourly rates in the relevant district. *Robinson,* 560 F.3d at 245. In the absence of persuasive affidavits, the court may look to "previous awards in the relevant marketplace as a barometer for how much to award counsel in the immediate case." *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 228 (4th Cir. 2009). When the fee applicant fails to provide sufficient outside evidence of prevailing rates in the community, the court may also rely on its own knowledge of such rates. *Rum Creek Coal Sales*, 31 F.3d at 174.

In this case, Plaintiffs are represented by two seasoned attorneys, both of whom have practiced in this jurisdiction for more than thirty years. George B. Morrone, III, Esquire performed all of the work at issue in the pending fee application. He testifies by affidavit that he has handled numerous litigation matters in both state and federal court and regularly receives an hourly rate of $400, which is the rate charged to Plaintiffs in this case. (ECF No. 83-11 at 1-2). Plaintiffs also supply affidavits from eight local

attorneys, all of whom practice litigation and claim to be familiar with the level of competency, skill, and knowledge of Plaintiffs' counsel. (ECF Nos. 83-3, 83-4, 83-5, 83-6, 83-7, 83-8, 83-9, 83-10). As Defendant points out, these affidavits are all somewhat deficient in that they describe counsel's skill in insurance bad faith litigation, rather than consumer or banking litigation; they pertain to a fee application presented in an unrelated civil action that was filed in 2015; and they tend to focus on the skill and experience of Mr. Morrone's co-counsel more than on the skill and experience of Mr. Morrone. However, the affidavits, combined with the Court's knowledge of prevailing market rates and similar awards in this district, provide sufficient information for the Court to determine a reasonable hourly rate. *See Johnson v. Ford Motor Co.,* Case No.: 3:13-cv-06529, 2018 WL 1440833, at *5-6 (S.D.W. Va. Mar. 22, 2018). An hourly rate of $400 is at the higher end of reasonable for litigation services in this jurisdiction, but is within the reasonable range. When considering the *Robinson* factors, the Court notes that the work performed by Mr. Morrone (discovery motions) is routine for litigators and does not require any special expertise. On the other hand, Mr. Morrone spent time preparing and arguing a motion to obtain policies that Defendant clearly should have produced without the need for a court order. While Mr. Morrone was working on motions that should not have been necessary, he was precluded from performing work for other paying clients. Moreover, $400 per hour is the contracted rate between Plaintiffs and Mr. Morrone. Therefore, the undersigned finds $400 per hour to be reasonable under all of the circumstances.

"When reviewing a fee petition, the Court must exclude any hours that are excessive, redundant, or otherwise unnecessary." *Allen v. Monsanto Company,* 2007 WL 1859046 at *2 (S.D.W. Va. June 26, 2007) (citing *Hensley y v. Eckerhart,* 461 U.S.

5

424, 434 (1983)). "Counsel for a prevailing party has a duty to exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission ...'" *Daly v. Hill,* 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting *Hensley,* 461 U.S. at 434)). A fee application should contain, at a minimum, the dates on which the work was performed, a reasonably specific description of the work, and the amount of time spent on each task. *Central Cab Company, Inc., v. Cline,* 972 F. Supp. 370, 374 (S.D.W. Va. 1997). While the Court should look for evidence of excessive billing, such as duplication of effort and overuse of discovery, *Xiao-Yue Gu v. Hughes STX Corp.,* 127 F. Supp. 2d 751, 765 (D. Md. 2001), the Court "need not, and indeed should not, become [a] green-eyeshade accountant[]." *Fox v. Vice,* 563 U.S. 826, 838 (2011). "The essential goal" in awarding fees is "to do rough justice, not to achieve auditing perfection." *Id.* Thus, the Court "may take into account [its] overall sense of [the] suit, and may use estimates in calculating and allocating an attorney's time." *Id.* "Even in the absence of novel questions, an expenditure of significant hours may be reasonable where 'the case certainly posed difficulties from an evidentiary standpoint and required a high degree of skill to win.'" *Xiao-Yue*, 127 F. Supp. 2d at 766 (quoting *Herold v. Hajoca Corp.,* 682 F.Supp. 297, 300 (W.D. Va. 1988)).

Defendant takes issue with certain entries in the fee application, because they are block-billed or allegedly constitute excessive billing. Defendant also contends that Plaintiffs have included a significant number of entries for time that is not recoverable. For example, Plaintiffs seek reimbursement for meet and confer sessions; communications regarding pleadings and scheduling orders; preparation, traveling, and attendance at depositions; and reviewing witness disclosures. The undersigned agrees

6

with Defendant that many of these billings are not recoverable as "reasonable expenses" in making a successful discovery motion. As previously stated, all of the time and expenses related to Plaintiffs' Rule 30(b)(6) depositions have been excluded. In addition, Plaintiffs are not entitled to the time billed between April 26, 2017 through February 26, 2018. The time described in those entries is unrelated to the discovery motions. Notwithstanding Plaintiffs' argument that this time would not have been necessary but for Defendant's breach of its agreement to produce all relevant policies and its discovery obstruction, Plaintiffs' request was limited to expenses incurred in bringing the second motion to compel, the motion to quash, and potential future expenses incurred in retaking Rule 30(b)(6) depositions. Plaintiffs cannot now expand their expense request beyond that which they included in their discovery motions.

Having closely reviewed the entries in the fee application, the undersigned finds that Plaintiffs are entitled to reimbursement of the attorneys' fees billed on March 2, 14, 15, 20, 21, and 22, 2018; 4.8 hours on March 23, 2018; .5 hours on April 20, 2018; April 25 and 27, 2018; May 9, 2018; 2.5 hours on May 11, 2018; and May 14 and 23, 2018. The remaining entries reflect work that would normally be incurred in the case, or was required by the local rules, or was unrelated to the discovery motions in dispute. The entry for the hearing held on March 27, 2018 is excluded, because that hearing pertained to <u>Defendant's</u> motion to compel, not to a motion filed by Plaintiff. (ECF Nos. 62, 63). Deductions were taken on March 23, April 20, and May 11, 2018 to account for unacceptable block billing.

Therefore, after accounting for the deductions, Plaintiffs are entitled to reimbursement of attorney's fees for **27.8 hours** at **$400** per hour for a total amount of **$11,120**. Plaintiffs are not entitled to reimbursement of costs, as all of the costs

submitted in the fee application appear to be related to the Rule 30(b)(6) depositions. As previously stated, Defendant shall have **thirty (30) days** from the date of this Order in which to pay the aforementioned amount in full.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** August 13, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge