IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

R. R. FREDEKING, II

        Plaintiff,

v.                CIVIL ACTION NO. 3:16-12415

CHASE BANK USA, N.A.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Chase Bank USA, N.A.'s ("Chase") Motion *in Limine*, ECF No. 126, and Plaintiff R. R. Fredeking, II Motion *in Limine*, ECF No. 133.[1] For the following reasons, Defendant's Motion *in Limine*, ECF No. 126, is **GRANTED** in part and **DENIED** in part, and Plaintiff's Motion *in Limine*, ECF No. 133, is **GRANTED**.

**I. DEFENDANT'S MOTION**

First the Court addresses the Motion by Chase. Chase subdivided its Motion into fourteen different motions, each designated by a letter of the alphabet, starting with "A." The Court adopts the same structure, and addresses each in turn.

   A. *Motion to preclude reference to the relationship between Chase and its sister and parent companies*

Insofar as any document admitted into evidence references a parent or sister company of Chase Bank USA, N.A., that information is relevant and thus admissible. However, Plaintiff is

---

[1] Though the motion was filed on behalf of R. R. Fredeking, II and Debbie Fredeking, the Court has dismissed Debbie Fredeking as a plaintiff. As such, any references to "Plaintiffs" in the motions are construed as a reference to Mr. Fredeking, except for when context deems otherwise.

limited to eliciting testimony based on those admissible documents. Otherwise, Defendant's affiliated parent and sister companies are not relevant in this case. Accordingly, the Motion is **GRANTED** in part and **DENIED** in part.

B. *Motion to exclude policies and procedures not applicable to the investigation into the dispute relating to Mr. Fredeking's account*

At the pretrial conference, Defendant notified the Court that the parties have agreed as to which policies are relevant or not, with the exception of Defendant's "calls policy." This policy relates to incoming calls and conversations from cardmembers. While Plaintiff bears the burden of establishing the admissibility of this document, there is deposition testimony of Chase's employee, Jody Casas, that this policy could have been invoked when Ms. Casas "transferred [Mr. Fredeking] to our dispute, by phone, department to dispute the transaction." *Casas Dep.*, p. 16, ECF No. 109-9. Accordingly, the Motion is **DENIED**.

C. *Motion to preclude any characterization of Mr. Fredeking's "credit line" as a "credit limit"*

The Cardmember Agreement drafted by Defendant uses the terms "credit line" and "credit limit" interchangeably. *Cardmember Agreement*, p. 1, ECF No. 107-9. Furthermore, the billing statements submitted as evidence by both parties indicate a "credit limit" of $25,000. *Billing Statements*, *passim*, ECF No. 114-1. Accordingly, the Motion is **DENIED**.

D. *Motion to preclude any characterization of the boat as "junk" or worthless*

It is the existence of a charge, not the valuation of the boat and amount which was charged for its loss, that is at issue in this case. Unless Plaintiff can demonstrate that he filed a complaint with Defendant that the value of the boat was evidence of the alleged fraud, that information is otherwise irrelevant. For that narrow exception, the Motion is **DENIED** in part, and is otherwise **GRANTED** in part.

E. *Motion to exclude Ms. Debbie Fredeking's hearsay conversations with third parties regarding the charge and hearsay information about Mr. Wayde Collins*

It is the Court's understanding that there are conversations Plaintiff wishes to offer that would constitute hearsay, particularly those about the background of Mr. Wayde Collins and his relationship to the transaction. However, if Plaintiff offers such information as part of what he reported to Chase in alleging the fraudulent nature of the charge, such information would be relevant and could be argued as non-hearsay. Accordingly, the Motion is **DENIED** as premature, but Plaintiff's must lay proper foundation that this information.

F. *Motion to exclude Mr. and Mrs. Fredeking's conversation with counsel*

The Motion is **GRANTED** as unopposed.

G. *Motion to exclude any testimony by Ms. Fredeking regarding the events surrounding the rental of the boat*

Mrs. Fredeking has no firsthand knowledge of the actual signing of the Rental Agreement and the Charge Slips. However, she has much in the way of firsthand testimony relevant to the case. Any limitation on what she can testify to would depend on the questions actually asked at trial and the foundation laid by Plaintiff. Accordingly, the Motion is **DENIED** as premature.

H. *Motion to exclude damages relating to any alleged credit reporting*

Plaintiffs have not alleged any claim under the Fair Credit Reporting Act ("FCRA") and are thus not entitled to damages on that basis. The Motion is **GRANTED**.

I. *Motion to preclude any expert on behalf of Plaintiff*

Neither side has identified any expert witnesses. The Motion is **GRANTED** as unopposed.

J. *Motion to preclude suggestive testimony that the letters from "Coalition for Credit Relief" and "National Debt Network" were sent by or on behalf of Chase*

Consistent with the Court's findings in paragraph "H", Plaintiff has not alleged any claim under the FCRA, so these documents cannot be offered under such a claim. Furthermore, Plaintiff

has not supported that these letters were sent, directly or indirectly, by Defendant. As such, the Motion is **GRANTED**.

K. *Motion to exclude the net worth or financial position of Chase*

Plaintiff made no claims for punitive damages, so any evidence on this matter would be irrelevant. The Motion is **GRANTED**.

L. *Motion to preclude any unidentified witnesses or documents not previously produced*

Plaintiff offers no evidence on this issue. The Motion is **DENIED** as moot.

M. *Motion to preclude any claim not asserted in the Complaint*

Plaintiff offers no evidence on this issue. The Motion is **DENIED** as moot.

N. *Motion to preclude any references to or any evidence, testimony or argument concerning any other lawsuits or actions against Chase or any affiliated entity*

Plaintiff offers no evidence on this issue. The Motion is **DENIED** as moot.

## II. PLAINTIFF'S MOTION

Next, the Court addresses the Motion by Mr. Fredeking. Mr. Fredeking subdivided his Motion into four different motions, each designated by a number, starting with "1." The Court adopts the same structure and addresses each in turn.

1. *Motion to exclude Mr. and Mrs. Fredeking's driver's licenses*

In the Order on cross Motions for Summary Judgment, the Court determined Plaintiff's residency not to be a relevant issue in this case. ECF No. 140. As such, this Motion is **GRANTED**.

2. *Motion to exclude Mr. and Mrs. Fredeking's Florida Department of Highway Safety and Motor Vehicle records*

For the same reasons in the Court's ruling in paragraph "One," this Motion is **GRANTED**.

3. *Motion to exclude the December 29, 1997 Declaration of Domicile*

For the same reasons in the Court's ruling in paragraph "One," this Motion is **GRANTED**.

4. *Motion to exclude the January 10, 2015 Condition/Hull Survey and pictures*

Consistent with the Court's findings in paragraph "D," the amount that was charged for the purported value of the boat is not relevant. Accordingly, the Motion is **GRANTED**.

### III. CONCLUSION

For the aforementioned reasons, Defendant's Motion *in Limine*, ECF No. 126, is **GRANTED** in part and **DENIED** in part, and Plaintiff's Motion *in Limine*, ECF No. 133, is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER: February 20, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE